UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| VIVIAN TROY COOK | ) | |
| | ) | |
| v. | ) | 1:09-cv-81/1:04-cr-36 |
| | ) | *Edgar/Carter* |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

Vivian Troy Cook ("Cook") has filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 385).[1] Cook pled guilty to Count One of a second superseding indictment charging him with conspiracy to distribute five kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Criminal Court File No. 299). Cook was sentenced to a term of 211 months imprisonment, to be followed by supervised release for a term of ten years. The judgment of conviction was entered on December 14, 2005 (Criminal Court File No. 304). Cook did not pursue a direct appeal. Cook claims counsel was ineffective for refusing to file a direct appeal or seek post-conviction relief on his behalf.[2]

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

[2] Cooks plea agreement provides the following:

> The defendant expressly waives the right to appeal his conviction on any ground, other than ineffective assistance of counsel or prosecutorial misconduct. The defendant additionally waives the right to appeal his sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742, other than any sentence imposed in excess of the statutory maximum. The defendant further agrees not to file any motions or pleadings pursuant to 28 U.S.C. § 2255 on any ground, other than ineffective assistance of counsel, prosecutorial misconduct, or subsequent change in the interpretation of the law which may affect his case. Thus, defendant knowingly, intentionally, and voluntarily waives his right to collaterally attack the plea being offered in the instant case.

1

**I.     One-Year Statute of Limitations**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. Cook had one year from the time his judgment of conviction became final to file his § 2255 motion. Although Cook declared, under penalty of perjury, the § 2255 motion was true and correct, and that he placed the § 2255 motion in the prison mailing system when he executed it on March 13, 2009, the stamp on the envelope indicates the prison system received it on March 18, 2009. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *See* Rule 4(c) Fed. R. App. Proc. For purposes of this analysis the motion is untimely regardless of which date is correct. Nevertheless, giving Cook the benefit of the doubt, the Court will treat the motion as filed on March 13, 2009.

"For the purposes of the limitations period of § 2255, 'a conviction becomes final at the conclusion of direct review.'" *Brown v. United States*, 20 Fed.Appx. 373 (6th Cir. 2001) (UNPUBLISHED), available at 2001 WL 1136000, (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). If the defendant does not take a direct appeal, the judgment of conviction is final on the date on which the time for filing an appeal expired. *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002).

On December 12, 2005, Cook was sentenced to a term of 211 months imprisonment for violation of 21 U.S.C. §§ 846 and § 841(b)(1)(A), i.e., conspiracy to distribute five kilograms or more of cocaine hydrochloride. His judgment was entered on December 14, 2005. Cook did not file an appeal. Therefore, his conviction was final after the ten-day appeal period had expired, on

---

(Criminal Court File No. 216).

or about December 29, 2005. The one year statute of limitation for filing a § 2255 motion expired on December 29, 2006. Consequently, since his § 2255 motion was file on March 13, 2009, almost three years after the expiration of the one year statute of limitations for filing a § 2255 motion, his motion is untimely.

## II. Conclusion

Cook is not entitled to relief under § 2255 and his motion to vacate, set aside, or correct his sentence will be **DENIED** (Criminal Court File No. 385). This action will be **DISMISSED**.

In addition to the above, this Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Cook leave to proceed *in forma pauperis* on appeal. Rule 24 of the Federal Rules of Appellate Procedure. Cook has failed to make a substantial showing of the denial of a constitutional right or that reasonable jurists would disagree on the resolution of this matter, thus a certificate of appealability **WILL NOT ISSUE**. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

An appropriate judgment order will enter **DENYING** his § 2255 motion.

  /s/ R. Allan Edgar  
R. ALLAN EDGAR  
UNITED STATES DISTRICT JUDGE

3